# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 00-10992 |
| THE BABCOCK & WILCOX COMPANY, | § § § | CHAPTER 11 |
| DEBTOR. | § § § § | SECTION A |
| THE BABCOCK & WILCOX COMPANY, | § § § § | |
| PLAINTIFF, | § § | ADV. NO. 21-1014 |
| V. | § § | |
| PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING LLC, PES LIQUIDATING TRUST, WESTPORT INSURANCE COMPANY, XL INSURANCE AMERICA, INC., ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, HDI GLOBAL INSURANCE COMPANY, AND CERTAIN UNDERWRITERS AT LLOYD'S LONDON-SYNDICATE 1221 (NAVIGATORS), ZURICH AMERICAN INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO ENNMG1800181, CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO ENNMG1800281, CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO ENNMG1800282, CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO EN100070-18, | § § § § § § § § § § § § § § § § § § § § § § § | |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER

This Court held a trial on April 7, 8, 10, and 11, 2025, to decide the claims alleged in the above-captioned adversary proceeding by The Babcock & Wilcox Co. ("B&W") against Philadelphia Energy Solutions Refining and Marketing LLC and PES Liquidating Trust (together, the "PES Entities"). A review of the background and posture of this case can be found in this Court's Order dated July 2, 2024, denying cross-motions for summary judgment. [ECF Doc. 199].

Pursuant to this Court's *Joint Pretrial Order* dated April 4, 2025, the parties designated excerpts of deposition testimony given by four witnesses to be offered into evidence in lieu of live testimony. [ECF Doc. 254, ¶ K].

Before the Court are the following evidentiary objections to deposition designations:

(i) the *Plaintiff's Objections to Deposition Designation of Defendants* (the "B&W Objection"), [ECF Doc. 260];

(ii) the *Defendants' Objections to Plaintiff's Page/Line Deposition Excerpts and Memorandum in Support* (the "PES Entities Objection"), [ECF Doc. 261];

(iii) B&W's response to the PES Entities Objection, [ECF Doc. 266]; and

(iv) The PES Entities' response to the B&W Objection, [ECF Doc. 267].

For the reasons below, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** both the B&W Objection and the PES Entities Objection.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334(b). The confirmed plan of reorganization in B&W's bankruptcy case also reserved to this Court post-confirmation jurisdiction to resolve matters including, but not limited to, "all controversies, suits, and disputes that may relate to, impact upon, or arise in connection with this Plan or any other Plan Documents or their interpretation, implementation, enforcement, or consummation." [No. 00-10992, ECF Doc. 7003, § 9.5.3].

The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

The parties designated excerpts from the following depositions:

(i) **June 7, 2023, deposition of Timothy Kocis.** Kocis is the Federal Rule of Civil Procedure 30(b)(6) corporate designee for Sunoco, LP. He has worked at the company for 24 years and currently is employed as an environmental engineer. In that role, Kocis manages health, safety, and environmental risks and has developed programs to protect workers and ensure regulatory compliance.

(ii) **October 7, 2024, deposition of Dominic Giampino (fact witness for B&W).** Giampino was formerly employed by Philadelphia Energy Solutions ("PES") as a technical manager from 2012 through 2020. In that position, Giampino was responsible for monitoring operations of the refinery, developing improvement items, and solving operating issues. Prior to working with PES, Giampino worked for Sunoco in various capacities including as a process-design engineer, technical supervisor, business-planning supervisor, and process-design supervisor.

(iii) **November 22, 2024, deposition of John Sitler (fact witness for B&W).** Sitler has experience with inspections of petrochemical facilities. He held inspector roles with various companies. Starting in 1998, he served as an inspection subcontractor for MISTRAS/QSL, then for Sunoco from 2003 to 2012, and finally for PES from 2012 until 2020. He is currently employed by Hilco Redevelopment Partners and works in a management role that is involved with developing the former PES land where the refinery at issue was located.

(iv) **January 16, 2025, deposition of Brandy Johnson.** Johnson is the Federal Rule of Civil Procedure 30(b)(6) corporate designee for B&W. Johnson has worked at B&W for over thirty years in a variety of roles. She previously served as the Vice President of Engineering and Technology at B&W before being promoted to Chief Technology Officer.

The parties stipulate to or do not object to the admission of the following deposition excerpts into evidence (collectively, the "Stipulated Excerpts"):

(i) Timothy Kocis Tr. 9:07–10:10; 18:23–19:24; 21:11–24:09; 27:23–28:12; 49:11–52:02; 78:15–79:10; 87:08–88:08; 88:19–89:13; 89:17–90:25; 92:05–24; 93:10–22.

(ii) Dominic Giampino Tr. 4:08–10; 7:11–12:10; 15:14–16:05; 16:11–13; 18:15–17; 20:10–16; 21:15–35:06; 35:24–36:09; 37:20–42:07; 42:13–44:02; 44:08–45:05;

3

  55:04–07; 62:08–18; 65:07–66:21; 67:09–12; 71:19–73:15; 77:24–78:05; 79:14–80:04; 92:09–94:19; 95:22–96:21; 98:02–10; 99:08–100:07; 123:15–124:11.

(iii) John Sitler Tr. 8:05–9:04; 10:02–11; 12:16–14:04; 14:08–16:07; 28:10–32:23; 38:14–22; 39:19–40:16; 42:01–43:13; 44:13–45:18; 47:09–48:25; 49:22–53:19; 59:10–64:17; 81:15–82:05; 83:11–24; 100:15–101:07; 152:12–153:02; 154:01–165:15.

(iv) Brandy Johnson Tr. 9:08–23:25; 24:07–10; 27:07–28:23; 29:12–25; 35:09–36:10; 41:05– 41:25; 64:10–67:21.

Following the trial, the parties filed written objections to the designated depositions into the record. [ECF Docs. 260, 261, 266 & 267]. The B&W Objection and the PES Entities Objection raise the following evidentiary objections to certain designated excerpts: (i) lack of personal knowledge or speculation under Federal Rule of Evidence 602, (ii) optional completeness under Federal Rule of Evidence 106. (iii) hearsay under Federal Rule of Evidence 802, (iv) relevance under Federal Rules of Evidence 401 and 402, (v) expert opinion testimony prohibited under Federal Rule of Evidence 701, and (vi) cumulative testimony.

## DISCUSSION

**A. General Rules on Use of All or Part of a Deposition Transcript at Trial**

"To the extent that the parties can stipulate to testimony and/or the admission of evidence, the Court encourages them to do so." *Little v. Frederick,* No. CV 6:17-0724, 2018 WL 6314730, at *2 (W.D. La. Dec. 3, 2018). "The party objecting to the admissibility of evidence bears the burden of showing that the evidence is inadmissible." *Chevron TCI, Inc. v. Capitol House Hotel Manager, LLC*, 541 F. Supp. 3d 687, 692 (M.D. La. 2021) (citing *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010)).

Generally, parties may use all or part of a deposition at trial if "(A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present

and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8)." FED. R. CIV. P. 32(a)(1). "Subject to Rules 28(b) and 32(d)(3), an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying." FED. R. CIV. P. 32(b). Additionally, if only part of a deposition is offered into evidence, "an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." FED. R. CIV. P. 32(a)(6); *see also* FED. R. EVID. 106 ("If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.").

### B. General Rules on the Admissibility of Testimony

Federal Rule of Evidence 402 provides that relevant evidence is admissible unless otherwise provided for in the Constitution, a federal statute, the Federal Rules of Evidence, or a rule prescribed by the Supreme Court. *See* FED. R. EVID. 402. "Relevant evidence is that which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 264 (5th Cir. 1980) (quoting FED. R. EVID. 401). Therefore, "when evidence is challenged solely on the ground that it is irrelevant, it is inadmissible only if it fails to meet the definition of Rule 401. . . . If it is relevant as to any issue, it is relevant to the action and is not inadmissible under Rule 402." *Id.* at 267.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED. R. EVID. 602. If a witness lacks the proper personal knowledge on a matter or provides unsupported speculative testimony,

then the testimony is inadmissible under the rules. *See Malik & Sons, LLC v. Circle K Stores, Inc.*, No. CV 15-6938, 2017 WL 367662, at *3 (E.D. La. Jan. 25, 2017), *aff'd sub nom. Malik & Sons, L.L.C. v. Circle K Stores, Inc.*, 738 F. App'x 808 (5th Cir. 2018) ("Under [Rule 701 of the] Federal Rules of Evidence, speculative opinion testimony by lay witnesses—i.e., testimony not based upon the witness's perception—is generally considered inadmissible."). Further, testimony in the form of an opinion from a lay witness is limited to an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.

Additionally, "[t]he rule against hearsay bars the admission of any statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Age*, No. 22-30656, 2025 WL 1201973, at *24 (5th Cir. Apr. 25, 2025) (internal citations omitted); *see also* FED. R. EVID. 802.

The Court has reviewed each of complete deposition transcripts supplied by the parties for context in ruling upon the parties' objections to certain deposition designations.

### C. Objections to Certain Deposition Designations of Timothy Kocis

The PES Entities object under Federal Rules of Evidence 602 and 802 to certain of the deposition designations for Kocis identified in the table below. Specifically, the PES Entities object to certain designations under Rule 602, asserting that Kocis lacks personal knowledge of (i) the documents transferred from Sunoco to PES in 2012; (ii) how Sunoco obtained knowledge of residual elements in carbon steel; (iii) the placement of corrosion-monitoring locations; (iv) supplier certifications; (v) Sunoco's procedures upon acquiring the GP Refinery; and (vi) Sunoco's mechanical-integrity inspections. [ECF Doc. 261]. The PES Entities also object under Rule 802,

6

asserting that Kocis's testimony regarding Sunoco's transfer of documents to PES constitutes inadmissible hearsay. *Id.* Considering its review of Kocis's Rule 30(b)(6) deposition transcript provided by the parties and applicable law, the Court rules as follows:

| Objections to Designated Excerpts of Kocis June 7, 2023 Deposition ||||| 
|---|---|---|---|---|
| Start | End | Objecting Party | Basis of Objection | Ruling |
| 33:13 | 34:05 | PES Entities | FRE 602 & 802 | Overruled |
| 58:24 | 60:20 | PES Entities | FRE 602 | Overruled |
| 61:16 | 63:17 | PES Entities | FRE 602 | Overruled |
| 67:05 | 69:07 | PES Entities | FRE 602 | Overruled |
| 72:01 | 72:13 | PES Entities | FRE 602 | Overruled |
| 73:04 | 73:22 | PES Entities | FRE 602 | Overruled |
| 74:08 | 75:02 | PES Entities | FRE 602 | Overruled |

**D. Objections to Certain Deposition Designations of Dominic Giampino**

Both B&W and the PES Entities object to certain of the deposition designations for Giampino identified in the table below under Federal Rules of Evidence 106, 402, 602 and 701. Both parties object under Rule 106 to certain deposition designations on the grounds of optional completeness. [ECF Docs. 260 & 261]. B&W also asserts under Rule 602 that Giampino lacks personal knowledge regarding the effect of hydrofluoric acid on residual elements present in carbon steel. [ECF Doc. 260]. The PES Entities assert under Rule 602 that Giampino lacks personal knowledge of (i) whether the rate of corrosion increases on elbow joints as opposed to straight pipe; (ii) the effect of turbulence on piping; (iii) what PES would have done had PES determined that certain pipes were below retirement level; (iv) the risks associated with allowing pipes to thin below retirement level; (v) industry knowledge of other refinery explosions; and (vi) Sunoco's procedures for reviewing the process and design manual identified as Giampino Ex. 4 during the deposition. [ECF Doc. 261]. Further, the PES Entities assert that Giampino's testimony defining and describing a "dead leg" is not relevant under Rule 402 and his testimony regarding what PES would have done had PES determined that certain pipes were below retirement level is

7

prohibited expert testimony by a lay witness under Rule 701. *Id.*

Considering its review of Giampino's deposition transcript provided by the parties and applicable law, the Court rules as follows:

| Objections to Designated Excerpts of Giampino's October 7, 2024 Deposition ||||| 
|---|---|---|---|---|
| Start | End | Objecting Party | Basis of Objection | Ruling |
| 18:08 | 18:10 | PES Entities | FRE 106 | Sustained: the Court will admit Dominic Giampino Tr. 17:18–18:14. |
| 46:11 | 47:17 | B&W | FRE 602 | Overruled |
| 52:06 | 52:14 | PES Entities | FRE 602 | Overruled |
| 53:20 | 54:10 | PES Entities | FRE 602 | Overruled |
| 57:06 | 57:11 | PES Entities | FRE 106 | Sustained: the Court will admit Dominic Giampino Tr. 55:18–57:11. |
| 74:02 | 75:09 | B&W | FRE 106 & 602 | Sustained as to FRE 106: the Court will admit Dominic Giampino Tr. 74:02–76:25.<br><br>Overruled as to FRE 602. |
| 81:14 | 82:14 | PES Entities | FRE 402 | Overruled |
| 84:02 | 84:14 | PES Entities | FRE 602 & 701 | Sustained as to FRE 701. The Court will admit the testimony as personal opinion based on deponent's personal knowledge and experience.<br><br>Overruled as to FRE 602. |
| 87:09 | 91:12 | PES Entities | FRE 602 | Overruled |
| 102:20 | 105:04 | PES Entities | FRE 602 | Overruled |
| 105:17 | 106:05 | PES Entities | FRE 602 | Overruled |
| 116:05 | 121:10 | PES Entities | FRE 602 | Overruled |

### E. Objections to Certain Deposition Designations of John Sitler

The PES Entities object to certain of the deposition designations for Sitler identified in the table below under Federal Rules of Evidence 602, 402, and 701. Specifically, the PES Entities object to certain designations under Rule 602, asserting that Sitler lacks personal knowledge of (i)

the visibility of the YOLOY stamp when the elbow joint was installed in 1972; (ii) whether the elbow joint complied with ASTM A234 when it was fabricated; (iii) how Sunoco changed its standards over time with respect to residual elements; and (iv) what would have happened had a corrosion-monitoring location been placed on the elbow joint. [ECF Doc. 261]. The PES Entities further object that (i) Sitler's testimony regarding his involvement in the post-accident investigation and his testimony about how other reliability events and operational issues affected Unit 443 are not relevant under Rule 402; (ii) Sitler's testimony as to whether the elbow joint complied with ASTM A234 when it was fabricated is prohibited expert testimony by a lay witness under Rule 701; and (iii) Sitler's testimony regarding the stamping on the elbow joint is cumulative. *Id.* Lastly, the PES Entities object under Rule 106 to certain deposition designations on the grounds of optional completeness. *Id.*

Considering its review of Sitler's deposition transcript provided by the parties and applicable law, the Court rules as follows:

| Objections to Designated Excerpts of Sitler's November 22, 2024 Deposition ||||| 
|---|---|---|---|---|
| **Start** | **End** | **Objecting Party** | **Basis of Objection** | **Ruling** |
| 55:12 | 57:21 | PES Entities | FRE 106 | Sustained: the Court will admit John Stiler Tr. 53:20–57:21. |
| 67:11 | 71:08 | PES Entities | FRE 602 | Sustained as to John Sitler Tr. 70:25–71:08. |
| 76:02 | 77:05 | PES Entities | FRE 602 | Sustained |
| 79:05 | 80:08 | PES Entities | FRE 602 | Overruled |
| 89:01 | 89:22 | PES Entities | FRE 106 & 402 | Sustained as to optional completeness: the Court will admit John Stiler Tr. 88:03–89:22. Overruled as to FRE 402. |
| 114:22 | 116:05 | PES Entities | FRE 602 & 701 | Sustained as to John Sitler Tr. 115:13–116:05. Sustained as to FRE 701. The Court will admit the testimony as personal opinion based on deponent's personal knowledge and experience. |
| 124:21 | 125:04 | PES Entities | FRE 106 | Sustained: the Court will admit John Stiler Tr. 124:21–125:09. |
| 130:25 | 134:06 | PES Entities | FRE 602 | Sustained as to John Sitler Tr. 131:06–132:05. |
| 135:06 | 136:01 | PES Entities | FRE 402 | Overruled |
| 140:09 | 141:21 | PES Entities | Asked and answered, cumulative, relevance, speculation | Overruled |

### F. Objections to Certain Deposition Designations of Brandy Johnson

The parties dispute the scope of the matters for examination during Johnson's Rule 30(b)(6) deposition. According to the exhibits to the PES Entities Objection, the PES Entities sent B&W a list of 23 Rule 30(b)(6) deposition topics on October 25, 2024. [ECF Doc. 261-1]. At some point,

the parties agreed upon January 16, 2025 as the date for Johnson's Rule 30(b)(6) deposition. [ECF Doc. 261, ¶ 14]. The PES Entities did not issue the notice of deposition until January 7, 2025, attaching a list containing 34 matters for examination. [ECF Doc. 261-2]. B&W responded to the deposition notice on January 14, 2025, objecting to all 34 matters for examination, but agreed to present Johnson for the deposition as to three of those topics. [ECF Doc. 261-3]. B&W never filed a motion for a protective order with this Court seeking to cancel or reschedule Johnson's deposition or limit the matters for examination and the parties proceeded with the deposition as scheduled for January 16, 2025.

In the B&W Objection, B&W suggests that Johnson was only designated as its corporate representative with respect to three topics and thus it contends that any testimony given by its own Rule 30(b)(6) corporate representative outside the scope of those three topics qualifies as her own individual testimony. [ECF Doc. 266]. The PES Entities disagree. [ECF Doc. 261].

Federal Rule of Civil Procedure 30(b)(6), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7030, provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

FED. R. CIV. P. 30(b)(6). "[T]he deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely,

unevasively, the questions posed . . . as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (internal citations omitted). As further explained by a Magistrate Judge in this District recently:

> Courts generally recognize that Rule 30(b)(6) establishes the minimum about which the witness must be prepared to testify, not the maximum. The "reasonable particularity" requirement of Rule 30(b)(6) is thus not a proper basis to limit what is asked of the designated witness during a deposition. There are two primary reasons behind the Rule allowing examining parties to ask questions beyond the scope of the Rule 30(b)(6) notice. First the main thrust of the Court's liberal discovery rules is to allow parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Second, the purpose of adopting Rule 30(b)(6) was not to provide greater notice or protections to corporate deponents, but rather to have the right person at deposition. Limiting the scope of a 30(b)(6) deposition to what is noticed in the deposition subpoena frustrates the objectives of Rule 26(b)(1) whenever a deposing party seeks information relevant to the subject matter of the pending litigation that was not specified. The examining party thus may ask questions outside the scope of the matters set forth in the Rule 30(b)(6) notice subject to the general deposition rules . . . (i.e., [Federal Rule of Civil Procedure 26(b)(1)]).
>
> If the examining party asks questions outside the scope of the Rule 30b(6) deposition notice, the corporation is under no obligation to have prepared the designee to answer the question. Further, testimony in response to questions beyond the scope of the notice constitutes the testimony of the designee in an individual capacity and not on behalf of the entity, and counsel may note this distinction on the record. Counsel may not, however, instruct the witness not to answer the question because Rule 30 authorizes that instruction only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). If none of the enumerated objection grounds exists, the objection may be noted on the record, but the examination still proceeds with the testimony taken subject to any objection.

*Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 72–74 (E.D. La. 2024) (internal quotations and citations omitted).

The Court reviewed Johnson's deposition transcript and none of the questioning appears to be outside the scope of the Rule 30(b)(6) deposition notice; indeed, no party asserts otherwise. Therefore, the Court overrules B&W's general objection and finds that Johnson was properly

12

designated as B&W's Rule 30(b)(6) corporate representative for all matters of examination identified in the January 7, 2025 deposition notice.

B&W also objects under Rule 602 to certain of the PES Entities' designations from Johnson's deposition identified in the table below. Specifically, B&W asserts that Johnson lacks personal knowledge of (i) whether B&W had knowledge that the elbow joint was going to fail when the elbow joint was manufactured and installed; (ii) whether B&W had knowledge that the elbow joint was going to fail at any time prior to the 2019 explosion; and (iii) the material specifications and testing performed on the elbow joint when the elbow joint was manufactured by B&W. [ECF Doc. 260].

Considering its review of Johnson's Rule 30(b)(6) deposition transcript provided by the parties, the Court's overruling of B&W's general objection regarding the scope of the matters of examination on which its Rule 30(b)(6) corporate representative was subject to testify, and applicable law, the Court rules as follows:

| Objections to Designated Excerpts of Brady Johnson's January 16, 2024 Deposition | | | | |
|---|---|---|---|---|
| **Start** | **End** | **Objecting Party** | **Basis of Objection** | **Ruling** |
| 9:08 | 23:25 | PES Entities | Object to counsel's statements on page 17, lines 10-18 regarding limitation on the scope of matters of examination | Sustained |
| 41:01 | 41:04 | B&W | FRE 602 | Overruled |
| 42:02 | 43:08 | B&W | FRE 602 | Overruled |
| 47:21 | 53:02 | B&W | FRE 602 | Overruled |

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the B&W Objection and the PES Entities Objection are **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that the Stipulated Excerpts are admitted into evidence.

**IT IS FURTHER ORDERED** that the following disputed deposition excerpts are admitted into evidence based upon the Court's rulings herein, and will be weighted accordingly:

(i) Timothy Kocis Tr. 33:13–34:05; 58:24–60:20; 61:16–63:17; 67:05–69:07; 72:01–13; 73:04–22; 74:08–75:02.

(ii) Dominic Giampino Tr. 17:18–18:14; 46:11–47:17; 52:06–14; 53:20–54:10; 55:18–57:11; 74:02–76:25; 81:14–82:14; 84:02–14; 87:09–91:12; 102:20–105:04; 105:17–106:05; 116:05–121:10.

(iii) John Sitler Tr. 53:20–57:21; 67:11–70:24; 79:05–80:08; 88:03–89:22; 114:22–115:12; 124:21–125:09; 130:25–131:05; 132:06–134:06; 135:06–136:01; 140:09–141:21

(iv) Brandy Johnson Tr. 41:01–41:04; 42:02–43:08; 47:21–53:02.

New Orleans, Louisiana, May 16, 2025.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE